DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Criminal No. 2017-19 |
| CRAIG RICHARDSON, | ) |
| Defendant. | ) |

ATTORNEYS:

**Gretchen Shappert, USA**
**Delia Smith, AUSA**
**Meredith Edwards, AUSA**
United States Attorney's Office
St. Thomas, VI
   *For the United States of America,*

**Treston Moore, Esq.**
**Charles Russell, Esq.**
Mood, Dodson & Russell
St. Thomas, VI
   *For Craig Richardson.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Craig Richardson ("Richardson") to transfer his sentencing from this Court to a federal district court in another judicial district.

Richardson was charged by indictment in this Court with one count of conspiracy to possess with intent to distribute cocaine and twelve counts of possession with intent to distribute cocaine. Richardson pled guilty to the conspiracy count in this district.

Richardson now seeks to transfer the sentencing in this matter from this Court to a federal district court in another judicial district. He asserts that such a transfer is permitted by Federal Rule of Criminal Procedure 20 ("Rule 20"). Rule 20 provides, in pertinent part, that:

> **(a) Consent to Transfer.** A prosecution may be transferred from the district where the indictment or information is pending, or from which a warrant on a complaint has been issued, to the district where the defendant is arrested, held, or present if:
>
> > **(1)** the defendant states in writing a wish to plead guilty or nolo contendere and to waive trial in the district where the indictment, information, or complaint is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and
> >
> > **(2)** the United States attorneys in both districts approve the transfer in writing.
>
> **(b) Clerk's Duties.** After receiving the defendant's statement and the required approvals, the clerk where the indictment, information, or complaint is pending must send the file, or a certified copy, to the clerk in the transferee district.

Fed. R. Crim. P. 20(a)-(b).

Significantly:

> there is no authority under Rule 20 (or elsewhere for that matter) for a district court to accept a guilty plea from a party and then transfer the case to a different jurisdiction for sentencing.

*United States v. Richardson*
Criminal No. 2017-19
Order
Page 3

> Subsections (a) and (b) of Rule 20 discuss the transfer of cases. Both of these provisions discuss the waiver of trial in the transferor district and the entry of a plea and the disposition of the case in the transferee district. This language does not authorize a transfer for the purpose of imposing sentence when there is no case pending in the transferee district.

*United States v. Lovell*, 81 F.3d 58, 60 (7th Cir. 1996). As such, the relief that Richardson seeks is not available to him.

The premises considered; it is hereby

**ORDERED** that the motion to transfer is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**